IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH E. SCOTT                                                                         PLAINTIFF

V.                                        CIVIL No. 4:13-cv-04114

CAPTAIN GODBOLT                                                                      DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kenneth Scott filed this case *pro se* pursuant to 42 U.S.C. § 1983 on November 25, 2013.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

Plaintiff is currently an inmate of the Hempstead County Detention Center ("HCDC") in Hope, Arkansas.  In Plaintiff's Complaint, he named Captain Godbolt as the sole Defendant. Plaintiff alleges his constitutional rights were violated when his prison account was debited for visits to the doctor or nurse and for over the counter sinus medication.  ECF No. 1, pp. 4-5. Plaintiff made no allegations that he was denied medical care or medication.

1

## II. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Plaintiff's only claims are that he was charged for visits to the nurse and doctor and for medication. A jail's policy of requiring inmates to pay for their own medications and doctors visits, if they can afford to do so, is not a not a federal constitutional violation. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). *See also Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3rd Cir. 1997) (The Eighth Amendment requires prisons to provide basic medical care to inmates, but there is no requirement that prisons provide the medical care free of cost). While the Eighth Amendment does require prisons to provide adequate medical care to inmates Plaintiff does not claim he was denied or delayed adequate medical care. Accordingly, Plaintiff has failed to state a cognizable claim under section 1983.

## III. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The

dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **6th day of January 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE